WILLIAM SPIRES, plaintiff in error, v. JOSEPH R. WALKER, defendant in error.

(Atlanta, June Term, 1870.)

JUDGMENT—SLAVE NOTE—JURISDICTION.*—A judgment obtained on a note, the consideration of which was the purchase-money of slaves, was sought to be enforced:

Held, That in accordance with the rulings of a majority of this Court, in Shorter v. Cobb, and White v. Hart, the Courts of this State have no jurisdiction or authority to enforce any debt, the consideration of which was a slave or slaves.

Jurisdiction. Slave Notes. Before Judge Snead, of The City Court of Augusta. February Term, 1870.

On the 14th of February, 1860, Spires made his promissory note due one day after that date. Walker sued him upon said note and procured a judgment against him on the 29th of May, 1866. On the 25th of January, 1870, the fi. fa. issued upon said judgment. was levied upon Spires' property. At February Term, 1870, of said Court, Spires' counsel moved to set aside said levy, because said note was given for slaves. The parties were at issue thereupon. Walker's counsel admitted that, the consideration of said note was slaves. No other evidence was offered. Walker's counsel insisted that he had a right to have the jury pass upon the legality of said levy. Spires' counsel objected upon the ground that, the admission of Walker's counsel ousted the jurisdiction of the Court, and the jury had nothing to try. The Court allowed the case argued before the jury. Argument* concluded, the Court charged the jury, that the section of the

*CONTRACTS—SLAVE CONSIDERATION—JURISDICTION.—
See foot-notes to Shorter v. Cobb, 39 Ga. 285; White v. Hart, 39 Ga. 306.

Constitution of Georgia, of 1868, denying jurisdiction to the Courts to enforce any fi. fa. founded upon a debt, the consideration of which was slaves or the hire thereof, was in conflict with the Constitution of the United States and void. He was requested to charge the jury, that under said admission they should find that the consideration of the debt on which this fi. fa. was founded was slaves. He refused so to charge. The jury returned a verdict as follows: "We, the jury, sustain the levy." Thereupon the Court ordered said fi. fa. to proceed.

Spires' counsel sued out a writ of error upon the grounds that the Court erred in allowing argument before the jury, and in allowing them to pass upon said issue, after said admission, and in charging as he did, refusing to charge as requested, and in ordering the fi. fa. to proceed.

Frank H. Miller, by W. W. Montgomery, cited Shorter v. Cobb, 39th Ga. R., 285; White v. Hart, Ib. 306.

No appearance for defendant.

WARNER, J.

According to the ruling of a majority of this Court in Shorter v. Cobb, 39th Ga. Rep., 285, and White v. Hart, Ib. 306, it was held and decided, that the Courts of this State have no jurisdiction or authority, to enforce any debt the consideration of which was a slave or slaves. This case comes within the rulings of the Court in the two cases cited, and must be controlled by them. Let the judgment of the Court below be reversed.